## Considine v. Hazel

*Lee H. Roberts*, for plaintiffs.

*J. Michael Williamson* and *John W. Blasko*, for defendants.

BROWN, *P.J.*, August 5, 1980—This case is currently on the August, 1980 trial list and is scheduled for jury selection on August 18, 1980. The suit arises out of alleged injuries to plaintiff, Rohland C. Considine, suffered as a result of an automobile accident on October 13, 1978.

The court has before it a motion for in camera hearing in limine submitted by defendant Pennsylvania Power & Light Company. This motion questions the sufficiency of the proposed deposition testimony of Dr. Fred Amsler to establish that Mr. Considine's injury resulted in a medically determinable physical or mental impairment which prevented him from performing all or substantially all of the material acts and duties which constituted his usual and customary daily activities for more than 60 consecutive days. Dr. Amsler's deposition was taken on May 27, 1980 and has been transcribed and filed of record. Plaintiffs have indicated that this is all of the medical testimony which they will offer at trial. Since that proposed testimony is presently before the court, argument on defendant's motion has been expedited and considered prior to the selection of a jury and the commencement of trial.

The issue before the court is jurisdictional in that plaintiffs' suit in this court is barred by the Pennsylvaia No-fault Motor Vehicle Insurance Act of July 19, 1974, P.L. 489, 40 P.S. § 1009.101 et seq., unless Mr. Considine's injuries come within the

provisions of section 301(a)(5)(C) of the act. Plaintiff has indicated that his injuries do not come under any of the other threshold provisions of section 301. The parties further agreed at the time of argument that the issue before the court being jurisdictional, it must be resolved by the court and not by a jury.

While defendant's motion raises numerous objections to the sufficiency of Dr. Amsler's testimony, it essentially raises two issues: (1) the adequacy of counsel's questioning and (2) the adequacy of Dr. Amsler's answers. For reasons to be discussed, the court concludes that both of these shortcomings exist and that Dr. Amsler's testimony is not sufficient to bring the case within section 301(a)(5)(C).

With regard to counsel's questioning, his attempt to propound a proper hypothetical question falls short. His hypothetical (N.T. 14-16) did not include a broad enough spectrum of defendant's customary daily activities to permit his expert to give an opinion as to whether Mr. Considine was prevented from performing all or substantially all of the material acts and duties associated with those activities for the requisite 60 consecutive days. Counsel's hypothetical for the most part confined itself to employment duties and to heavy or strenuous activities. The legislative concept of "customary daily activities" would have to include more than one's employment and heavy or strenuous activities, and counsel's questioning should have included those routine activities either by a series of hypothetical questions encompassing such activities separately or by the use of an elongated and perhaps cumbersome question of similar breadth. Keeping in mind that Dr. Amsler testified that he had no personal knowledge of Mr. Considine's daily activities, it is

necessary to conclude that to the extent his answers were favorable to plaintiffs, they were limited to the types of activities described by counsel and thus fell short of describing Mr. Considine's capabilities of performing his usual and customary daily activities.

Even if counsel's questioning were deemed adequate, Dr. Amsler's answers at different points during the deposition fell short of establishing the fact that Mr. Considine was prevented from performing all or substantially all of the material acts and duties comprising his usual and customary daily activities. While his testimony was adequate to establish that Mr. Considine did have a medically determinable physical impairment (i.e. a mioligamentus cervical sprain), the effect of that impairment on his customary daily activities was diluted in terms of bringing the impairment within section 301(a)(5)(C). For example, he testified that his patient could do light work and was able to walk around. His walking was at a normal gait and he was able to drive a car; also, his flexion of the cervical spine was normal on November 14, 1978. He had full use of his hands and could feed and dress himself as well as walk up and down stairs.

Thus, the court must conclude that Mr. Considine's injuries did not sufficiently impair his capabilities to perform his customary daily activities so as to permit the filing of the present lawsuit. This judgment must be made in the context that the Pennsylvania No-fault Motor Vehicle Insurance Act is an expression of the legislature's intent that those classes of injuries which are deemed to be minor are not to be pursued in the judicial system. Therefore, the court lacks jurisdiction over the case and the complaint must be dismissed.

 

## ORDER

And now, August 5, 1980, based upon the foregoing memorandum, and upon a finding that the court lacks jurisdiction over the subject matter of these proceedings, it is hereby ordered that plaintiffs' complaint be dismissed.